May it please the court, good afternoon, my name is Peter Meyer, representing the petitioner George Fajardo-Hernandez. If I may, I'd like to reserve two minutes of rebuttal time, please. There are three primary reasons, none of which should be in dispute, why the decisions below the VIA and the immigration judge should be reversed. The first is that the judge did not make the determination required that based on clear and convincing evidence in 1988 and 1989 convictions did not arise out of a single scheme of criminal conduct. Second, the government based its, excuse me, the immigration judge and the VIA's affirmance of that decision was based on a determination that possession of methamphetamines under California state law is an aggravated felony. Law of this circuit decided since that decision was affirmed by the VIA confirms that in fact possession of methamphetamines under California law is not an aggravated felony. So the decision below was erroneous on that basis as well. Counsel it's a little confusing, the case is a little confusing on the procedural aspect of it and I want to make sure I understand this. As I understand it, under Ferreira the possession of meth is not an aggravated felony anymore, is that right? That's correct your honor. So that basis won't do. And then under Ruse the only thing that we can look at is what the administrative agency relied upon. So we can't look at other grounds and say well, they'd be good enough. That's correct your honor. Is receiving stolen property an aggravated felony? It's not based on California law. In fact for Rye Ridge decision even though it does not address receipt of stolen property makes the point that there is a need for uniformity in the application of immigration laws so that differences in state law do not lead to the application of the immigration laws in unbalanced ways throughout the country. So that it's the generic definition of theft that matters and controls the question. Under title 8 U.S.C. 1101 the generic definition of theft requires that the person have an intent to deprive the owner of the property. And in the reply papers the petitioner cites two cases that make clear that under California law there's a much broader definition of receipt of stolen property than may exist in other states. In fact in those decisions, one of which is called Osborne, the other of which is called Anderson, it's made clear that all that may be necessary for a prima facie case for receipt of stolen property under California law is that the defendant be in possession of recently stolen property which would support an inference that the defendant knows the property to be stolen. Even if the defendant intends to return that stolen property, that's simply a defense to the crime. Now you have to be correct about that to win, don't you? Because the immigration judge on ER administrative record 50 says that independently both of these crimes are aggravated felonies. So if the I.J. is correct about receipt of stolen property, isn't that the end of the discussion? No, Your Honor. In fact it's not. Because as has been pointed out, there is a confusing record below. The only charge that was contained in the I-261 notice to appear was the 2001 conviction for possession of methamphetamines. The conviction for I see what you're saying. Okay. So there's a technical defect. So basically what you're saying is we're technically right. We're going to lose later, but we're technically right now. I mean, that seems to me to be the bottom line of your position. Well, it's not quite that, Your Honor. Because even though it is clear that the decision of the immigration judge as affirmed by the BIA cannot be sustained under Ninth Circuit law, when the decision goes back, the judge must hold a complete hearing, which he did not do, on the question of whether there are grounds for withholding of removal and asylum. And that's where this conviction for receipt of stolen property comes into play and why it's so prominent in the papers. Not because it was a basis for the judge's decision below that this individual should be removed, but instead because it was the basis for the judge's decision below to forego any hearing on the application for asylum and the application for withholding of removal. The application was made by the petitioner. The judge made clear in the proceedings that he was not going to hold a hearing on any of the asylum or Convention Against Torture-related claims except for the claim for deferral of removal under the Convention Against Torture. The basis for the immigration judge's decision was his determination that receipt of stolen property was a particularly serious crime and defined as an aggravated felony, which we know to be erroneous. So therefore, the judge, on an improper understanding of the law, did not give this individual a hearing on the core of his claims, which is the political asylum claim. It was difficult for the individual below, not for the petitioner, not represented by counsel, to make his case on asylum. But this is, and the records make clear, I'll just state it very briefly, for all intents and purposes an American, although he was not naturalized, culturally he's an American, who was faced with, after 40 years of living in this country, going to live in Colombia, where he believes and has put forward evidence and gave the judge below, the immigration judge, a lot of evidence, he believes he's subject to persecution as an American. I'm, something went past me there. It looks to me as though, even though you're probably entitled to remand under Ferreira and Ruz, I can't see where you'll ever get a hearing because you've got a burglary and you've got a, I think it was a theft, two separate crimes on two separate occasions, both crimes of moral turpitude under controlling law. So it looks as though your fellow will be deemed ineligible for relief, so there'd be no point to a hearing once he gets back. What am I misunderstanding? The judge would need to find that one of those crimes constitutes an aggravated felony in order to deny him a hearing on asylum. Two crimes of moral turpitude, wouldn't he do? I don't believe so, Your Honor. I have a basic question in back of all of this. Was your, was the petitioner represented on appeal to the BIA? He may have received... I didn't ask if he was well represented. I asked if he was represented. My understanding, Your Honor, and I apologize, I don't understand very well the proceedings in Eloy at the detention center and what type of representation is available, but I do understand there was some sort of nonprofit organization that does give some sort of... Appeal from the IJ to the BIA. That's what I'm asking about. I don't believe he was represented by counsel. And the reason I ask that is there was a brief filed, something of a brief filed to the BIA, and as far as I can tell, none of the issues that you've argued here today were raised in that brief. Well, in fact, the failure of the immigration judge to hold a hearing on the asylum claim and the withholder removal claim was raised in the appeal to the BIA. That was, if that's what was characterized as a failure to develop the record... Yes. That's how it was described in the brief. But none of the stuff related to the aggravated felonies or not was raised to the BIA, was it? That's correct, Your Honor. And the reason it wasn't is that the law was developed subsequent to the appeal to the BIA on this issue. The Ferrari decision is a 2004 decision. That's the decision of this circuit that held that possession of methamphetamines is not an aggravated felony for purposes of the... But the concept could have been raised. I mean, Mr. Ferrer or Ms. Ferrer or whoever it was raised it. Yes. I don't believe that Mr. Ferrer, excuse me, that the petitioner, since he did not have counsel, could be expected to raise that legal argument, which was not yet established under Ninth Circuit law. I'll reserve the rest of my time for rebuttal unless there are further questions at this time. Thank you, counsel. Thank you. Counsel. It pleases the Court. My name is Andrew McLaughlin, and I represent the Respondent Attorney General of the United States in this case. I will in a moment answer some of the questions that the Court was asking about the procedural background and so on, but I'd like to start out by just noting we have two jurisdiction barriers to the case that are completely dispositive. One is the fact that there are two crimes involving moral turpitude, and we're talking about under the old statute, the pre-1996 statute, that bar the court's jurisdiction under Section 309C4G of ERIRA. That's the first issue. And the second issue is pointed out by Judge Hawkins, is of the, I guess, I think I've identified 13 discreet issues identified by Mr. Fajardo or his counsel at various different times in the case. All of them have been waived or failed to exhaust, or in one way or another, the Court lacks jurisdiction over every single one of those merits issues. So even if you got past the jurisdictional issue regarding two CIMTs, there is no jurisdiction over any single one of those issues. So not only is he wrong on the merits, but there is needed jurisdiction to consider. But lay out the no jurisdiction argument for me. I thought that what happened here was possession of methamphetamine was relied on as an aggravated felony, looked okay at the time, but then forever came down, and it's not an aggravated felony anymore. That's what was in the notice to appear. There were two charges. There were two charges of deportability that were originally alleged and that went through the proceedings, that he was found to be deportable based on two separate charges. One was the aggravated felony, possession of methamphetamine, which at the time everyone understood to be an aggravated felony and no longer do. The other was the existence of two crimes involving moral serpentine. Now, what was it? Did the notice to appear list the others, or just the possession of methamphetamine? The 1991 notice to appear did not list the second charge. The second charge was added at a later time. But one of those was petty theft with a prior, right? That's correct. And I thought that was what Roos said, that the petty theft is, when it's increased to a felony, that the recidivist piece has to be broken off. Back to what Roos says. Unfortunately, Roos is addressing the new statute, which has entirely different language than the old statute. The Roos statute was addressing the significance of the underlying offense. That is, an offense for which the maximum penalty could exceed one year. The old statute, which was changed in 1996, said you're convicted of a CIMT and you serve more than a year. That's all it said. It was a totally different statute. It didn't address the significance of the underlying offense. Didn't address the significance of the CIMT. It addressed whether or not you got a certain punishment for the conviction. And he served more than one year on the petty theft with a prior? Excuse me? Yes. In fact, served more than one year on that particular one that was in the notice? That is correct. Now, you said the 1991 notice to appear did not list the others, just the possession of methamphetamine. That's right. As the basis. Is there some different notice to appear that we're supposed to rely on, not the 1991 notice? I don't recall whether there's an actual notice. I believe there is an additional document that was filed by the INS with the Immigration Court regarding the additional charge. I'm fairly certain of that, but I don't recall where in the record that is. Well, when you said 1991 notice, I understood there to be kind of an implied negative pregnant that, yeah, the 1991 notice shoots us down, but look at the 1998 notice. This is a peculiar one. What happened is there was a 91 notice, and then there was a 94 notice, and then there was a notice to appear filed, and that's – I know that the 2 CIMT charge appears in the 19 – That's the 2003 where they re-calendar it and they add a new charge? No. That's when they went back to being the – that's when they went back to being an OSC. They – I think it was 1998 when – I forget. He was given a notice to appear at one point and placed in removal proceedings, and then the Immigration Court and the – one or the other came to the conclusion that it was not appropriate to be in removal proceedings, that, in fact, because a notice to appear had been served on this charge back in 1991 and never disposed of, that it was more – that it was appropriate to resurrect, essentially re-calendar the 1991 notice and add the additional charge to it. There was no lack of notice of the CIMT charge, nor did Mr. Fajardo pose any. He was willing to admit all of that. His contention was that he was a national of the United States and that even if it wasn't, he was entitled to stay. What I'm trying to figure out is whether we have to remand so that they can determine whether he's eligible for relief without the methamphetamine conviction making him ineligible. Your Honor, the Court lacks jurisdiction based on the two CIMTs. If it lacks jurisdiction, you can't remand for any reason. The second point there is that nothing regarding the two CIMT allegations that have now been made, none of them, was ever raised by Mr. Fajardo to the Board. The Board has never had an opportunity to address it, to develop the record. It is not properly before this Court. But, finally, the two CIMT allegation was properly before the immigration judge. It was submitted. When you use those abbreviations, it actually goes right past me because I don't work for the Department of Homeland Security and don't use them. No, do I. I think the only one I've used is crimes involving moral servitude. Where in the administrative record is it demonstrated that he served more than a year for the petty theft with a prior in 1988? I don't know where it is. I believe I read it in the immigration judge's decision when I was reviewing it just today. But I don't recall where in the administrative record it says. I think I have. Well, I'm looking at page 321. It shows it as a prior offense, but it doesn't say how long he served. And I don't have the administrative record here in front of me. But I'm certain that he actually served more than one year based on the request. And that is, in fact, the argument that was made in Petitioner's brief, is that regardless of how long he served, it was still not a. Well, let me back up to this thing that's bothering me. The IJ says the Respondent is, this is page 51 of the administrative record. The Respondent is ineligible for withholding of removal. Yes. In as much as the Court has concluded he's been convicted of two crimes that are particularly serious, the November 7, 2001, possession of methamphetamine conviction and the receiving stolen property conviction again in 2001, that is, without regard to the Respondent's convictions in 88 and 89. So my thought was, if we knock out one of them, the methamphetamine, then he no longer has two and we have to remove. There is a bar against, and this is something that Petitioner has never raised ever, either through counsel or by himself. There is a bar to receiving withholding of removal, either under the Convention against Torture or under the statute, if you have been convicted of something called a particularly serious offense. This is not related to an aggravated felony. It has a totally separate definition. And that, by the way, the determination of whether it's a particularly serious offense is discretionary, and this Court has held that it's not reviewable even. But the – in that context, an issue which has never been raised here, the immigration judge said that you have been found guilty of two offenses that I find to be particularly serious offenses, and therefore, for either of those, you are barred from withholding of removal or withholding of removal under the Convention against Torture. That only addresses those two forms of relief, and it's entirely unrelated to the issue of an aggravated felony. So it's a single particularly serious offense conviction bars those two forms of relief. But then the question that was raised in Petitioner's argument in chief has to do with asylum. That's correct. Where aggravated felony or crimes involving moral turpitude are terms of art. That's correct. The – with respect to the aggravated – with respect to the asylum charge, in addition to the other jurisdictional arguments that I've mentioned, the immigration judge specifically found that there were two different aggravated felonies that barred asylum, barred his eligibility for asylum in that context. One was the methamphetamine conviction, and the other was the stolen property conviction. And only the methamphetamine was in the notice? Only one was charged. That's correct. Okay. So we have to rise or fall with the one that was charged. No, Your Honor. You don't. On a – on relief from removal, it doesn't have to be charged at all. As long as it's raised in – With respect to asylum. Yes. Asylum is a form of relief from removal. You separate the issue of jurisdiction. On your jurisdiction, this Court has insisted that it be charged and found. On the issue of whether or not a person is eligible for asylum, it is the obligation of the petitioner to prove that he doesn't have an aggravated felony. In this case, the immigration judge found you do have a conviction for something that is an aggravated felony, period, regardless of this issue of removable for. If you have been convicted of an aggravated felony, and the immigration judge found that he had been convicted of an aggravated felony crime of theft, that is a crime of theft with a sentence over a year, you are ineligible for asylum. So it's – it is important that you keep this – the jurisdictional construct that the Court has created separate from the issue before the immigration judge, whether or not the alien was eligible in the first respect to ask for asylum, given that he had a conviction for a theft offense with a punishment over a year. And on that – in that note, the evidence of that theft offense is not just what was on the record, but it was also what the alien testified to in the record. The alien supported it, not only by conceding the charge, but also by his testimony in support of it. And he conceded it on page 789 of the record. That is correct. Your time has expired, unless – but Benji has further questions. Thank you. Thank you, counsel. Thank you. Very briefly, the statement regarding the equation of an aggravated felony with a particularly serious crime is provided for under the statute. And in fact, the judge made reference to these crimes as aggravated felonies. So you'll find Title VIII U.S.C. 1158, sub B, sub 2, sub B, aggravated felony may be the basis for a determination that a crime is particularly serious. That's what the immigration judge did here. He was erroneous in making that determination under the law. That much is not in dispute. And that decision – I'm sorry, I just need – before your time is up to get your take on this one thing, at page 79 of the record, the alien is asked, do you agree that you can be removed from the United States on that charge relating specifically to the conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, do you agree? Yes, Your Honor. So does the Court. I will sustain the charge. Now, in view of that, how do we get around the alternative basis for removal on two crimes of moral turpitude? Well, in fact, that admission is not – Mr. Fajardo, who was not represented in that hearing, and I've confirmed in answer to the prior question, he was not represented by counsel before the BIA. That was not a waiver that can be applied as a matter of law under this Court's decision, Huerta-Guevara, which is one of the decisions cited in the reply papers. Huerta-Guevara is 321 Fed Third 883. There was a similar factual admission made by an unrepresented asylum claimant – excuse me – person subject to removal in that decision. This circuit held that that was not actionable, that not – that the Court had to do more than just show waiver. And, in fact, this judge acknowledged – the immigration judge, rather, did – that there was no concession of removability by Mr. Fajardo below. That's straight out of the order. So there's no reason to get around the waiver argument. The language, which you'll find in our reply brief, gives the Court the proper background. So the remaining question in terms of the two crimes of moral turpitude, the first crime was not, in fact – there is no – there's nothing in the record showing that I'm aware of, and I've scoured the record, that the Petitioner served more than one year. I heard that statement made. But, in fact, the government's statement is that he was convicted of that first crime in June – excuse me – July 1988. And then he's convicted in June 1989, less than one year later, of burglary. The government has asked the Court to ignore the question of whether there was a factual record that this was not a single scheme of criminal conduct. In fact, it would not have been possible for this individual, if he was incarcerated, to have committed a subsequent second-degree burglary. So there's certainly a question, to say the least, on the record as to whether or not this individual served more than one year. I think the presumption or the indication from the record is, in fact, he did not serve more than one year on that first conviction. Thank you, counsel.  Hernandez v. Gonzalez is submitted.
judges: Kleinfeld, Hawkins, Graber